IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IAN GARLAND,

    Petitioner,

v.                                                 No. CV 13-0496 RB/GBW
                                                         CR 11-0487 RB

UNITED STATES OF AMERICA,

    Respondent,

## ORDER

This matter is before the Court on Eddie Espinoza's Motion for Joinder of Ian Garland's (Petitioner's) 28 U.S.C. § 2255 Motion Currently on filed in this Court Fed. R. Civ. P. 21. *Doc. 15.* The Court, having reviewed the Motion and accompanying briefing (*doc. 17*), will DENY it.

I.    BACKGROUND

Petitioner and Mr. Espinoza were co-defendants in the underlying criminal case, 11-cr-487 (*Underlying Case*), filed on March 8, 2011. *Underlying case, doc. 2.* Mr. Garland, a federally licensed firearms dealer pled, among other offenses, to charges of conspiracy and aiding and abetting false statements related to the acquisition of firearms. *Doc. 1* at 4. On July 12, 2011, Mr. Espinoza pled guilty to seven counts, including conspiracy in violation of 18 U.S.C. § 371, making false states to a federally

licensed firearms dealer in violation of § 924(a)(1)(A), smuggling in violation of 18 U.S.C. § 554, and aiding and abetting in violation of 18 U.S.C. § 2. *Underlying case*, doc. 138. His sentence was entered on June 14, 2012.

Petitioner filed his Motion under 28 U.S.C. § 2255 on May 30, 2013. *Doc. 1.* Among his claims of ineffective assistance of counsel is the fact that his counsel failed to detect an error in his Pre-Sentencing Report (PSR) regarding the recommended base level of offense in regards to Petitioner's weapons charges. *Id.* at 6. In the government's response to Petitioner's Motion, it concedes that paragraph 136 of the PSR does contain such an error: namely that recommended base level offense initially assessed (18) was incorrect because the weapons Petitioner had sold were semi-automatic, rather than machine, guns. *Doc. at 12.*

On August 23, 2013, Mr. Espinoza filed a Motion for Joinder under Federal Rule of Civil Procedure 21. *Doc. 15.* In his Motion, he explains that, on August 7, 2013, he received a letter from the United States Attorney's Office, Western District of Texas, advising him that the error detected in Petitioner's PSR might also be present in Mr. Espinoza's PSR. *Id.* at 2. Further, on August 9, 2013, Mr. Espinoza received a letter from his attorney in the underlying case, Howard Anderson, stating that he believed he had made an error in not objecting to the assessment of the baseline offense level as 18. *Id.* In light of the forgoing, Mr. Espinoza now seeks to join Petitioner's §2255 Motion.

2

On August 30, 2013, the Court issued an order notifying the parties that it was considering construing Mr. Espinoza's instant motion as a new Petition under § 2255 and providing the parties with the opportunity to object to that action. *Doc. 16.* Mr. Espinoza filed objections on September 9, 2013. *Doc. 17.* Given Mr. Espinoza's objection, the Court will instead rule on the merits of his motion.

## II.  STANDARD OF REVIEW

The Rules Governing Section 2255 Cases in the United States District Courts (as amended February 1, 2010), contain no provision for joinder to § 2255 Motions. The Court therefore must look to the Federal Rules of Civil Procedure on Joinder.  *See* Rules Governing Section 2255 Cases in the United States District Courts, Rule 12 (applying the Federal Rules of Civil Procedure to § 2255 proceedings).

The Federal Rules of Civil Procedure provide for both mandatory and permissive joinder.  Federal Rule of Civil Procedure 19 provides for mandatory joinder of necessary parties (as defined by this Rule). Under this rule, a court must perform a two-step analysis: (1) the court must determine whether the absent person is "necessary" and whether joinder is feasible; and (2) if joinder is not feasible "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, [because] the absent person ... [is] indispensable" to the litigation at hand. Fed.R.Civ.P. 19(b); *Davis ex. rel. Davis v. United States*, 343 F.3d 1282, 1288-1289 (10th Cir.

2003).

Federal Rule of Civil Procedure 20(a) provides for permissive joinder. Rule 20 allows a plaintiff to either join other plaintiffs, or other defendants, to an action if relief is sought from the same transaction or occurrence and there is a common question of law or fact relating to all claims. FED R. CIV. P. 20(a); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *Hefler v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983); *Arrow v. Gambler's Supply Inc.*, 55 F.3d 407, 409 (8th Cir. 1995); *Thompson v. Boggs*, 33 F.3d 847, 858 n.10 (7th Cir. 1994).

### III. ANALYSIS

Although Mr. Espinoza cites Federal Rule of Civil Procedure 21 in his motion, it is clear that he wishes to avail himself of either of the joinder rules discussed above.[1] As to the availability of Rule 19, Mr. Espinoza falls on the first hurdle: he is not "necessary" to Mr. Garland's habeas motion. The determination of Petitioner's entitlement to relief is in no way related to Mr. Espinoza's own habeas claim because the question of whether that Petitioner's counsel may have been ineffective in failing to note the error in the PSR has nothing to do with Mr. Espinoza. Nor can Mr. Espinoza avail himself of Rule 20,

---

[1] Federal Rule of Civil Procedure 21 provides a remedy for the misjoinder of parties, not for the joinder of them: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *See also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572-73 (2004).

because Rule 20 only allows the plaintiff (in this case Petitioner) to join other plaintiffs. See *Acevedo,* 600 F.3d at 521; *Hefler,* 713 F.2d at 1499; *Arrow,* 55 F.3d at 409; *Thompson,* 33 F.3d at 858 n.10 (noting the lack of any precedent granting a non-party's motion for joinder). Mr. Espinoza is not a plaintiff and, thus, cannot invoke Rule 20.

In fact, the most appropriate rule Mr. Espinoza could invoke is Federal Rule of Civil Procedure 24(b)(1)(B). This rule allows non-parties to intervene, with the permission of the court, where that party "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). But, as that Rule also explains, the court has discretion to permit or deny intervention, and must consider whether permitting intervention will cause undue delay or prejudice to the original parties. *Id.* at (b)(3); *Shump v. Balka*, 574 F.2d 1341, 1345 (10th Cir. 1978)( "permissive intervention under Rule 24(b) is clearly discretionary with the trial court.")

Admittedly, there is a common question of law as to whether Petitioner's and Mr. Espinoza's attorneys can be found constitutionally ineffective by virtue of their failure to detect the error in the PSR. But meeting this low threshold is insufficient to satisfy the Court that joinder is appropriate. "In deciding whether permissive intervention is warranted once the threshold requirement of a common question of law or fact is satisfied, courts may consider such factors as: (1) whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights; (2) whether the

5

would-be intervenor's input adds value to the existing litigation; (3) whether the petitioner's interests are adequately represented by the existing parties; and (4) the availability of an adequate remedy in another action." *Lower Ark. Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690 (D. Colo. 2008) (quoting *United States v. N. Colo. Water Conservancy Dist.*, 251 F.R.D. 590, 598 (D. Colo. 2008).

As to the first factor, adding Mr. Espinoza's claim to Petitioner's would unduly delay Petitioner's action by requiring briefing on each of Mr. Espinoza's potential § 2255 claims. As of this date, Petitioner's §2255 motion is fully briefed and ready for ruling or, if necessary, an evidentiary hearing. Moreover, Petitioner asserts that, if he receives his requested relief, he could be released very soon. *See doc. 14* at 4. Further delay to address the particulars of Mr. Espinoza's claims could irreparably harm Petitioner.

As to the second factor, Mr. Espinoza's input would not add anything of value to the existing litigation. Petitioner's case is based entirely on whether **Petitioner's** counsel was constitutionally ineffective. While the error in the PSR may be the same in both cases, the assessment of ineffectiveness would need to be performed independently on each counsel's performance. As such, the supplemental facts which might bear on whether Mr. Espinoza's counsel was ineffective would not be relevant to Petitioner's §2255 motion.

The third factor also does not support permitting intervention. Mr. Espinoza has

no interest in Petitioner's case *per se*.  A decision denying Petitioner relief under §2255 would not foreclose such relief for Mr. Espinoza in his own §2255 motion.   Moreover, to the extent that the resolution of the legal issue regarding the correct base offense level in Petitioner's case could influence the resolution of that same issue in Mr. Espinoza's case, his interests are well represented without his intervention.  Petitioner is ably represented by pro bono counsel while Mr. Espinoza would be intervening in Petitioner's case in a *pro se* status.

The fourth factor also does not support permitting intervention. Indeed, Mr. Espinoza is capable of seeking precisely the same remedy in his own § 2255 action.  Of course, as he notes in his objection (*doc. 17*), any §2255 petition that he might file at this time would be facially past the one-year time limit.   In fact, his joinder motion was filed more than one-year after his judgment became final.  *Underlying case*, *doc*. 242. Nonetheless, this reality does not militate in favor of granting intervention.  First, Mr. Espinoza may be able to establish that his time limit should be equitably tolled such that his petition would not be time barred.  Second, if Mr. Espinoza cannot establish an entitlement to equitable tolling than he should not be permitted to avoid the consequences of his lateness based on the fortuity that his co-defendant did timely file a petition.

**IV.   CONCLUSION**

For the forgoing reasons, the Court finds that neither mandatory joinder under Federal Rule of Civil Procedure 19, nor permissive joinder under Federal Rule of Civil Procedure 20, is appropriate here. Nor will the Court permit Mr. Espinoza to intervene under Federal Rule of Civil Procedure 24. Mr. Espinoza's Motion for Joinder of Ian Garland's 28 U.S.C. § 2255 Motion Currently on filed in this Court Fed. R. Civ. P. 21 (*doc. 15*) is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE