IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IAN GARLAND,

      Petitioner,

v.                                    No. CV 13-0496 RB/GBW
                                          CR 11-0487 RB

UNITED STATES OF AMERICA,

      Respondent,

## REPORT AND RECOMMENDATIONS

This matter is before me on Petitioner Ian Garland's Motion for Relief under 28 U.S.C. § 2255.  Upon review of the Motion and accompanying briefing (*docs. 7, 12, 14*), I recommend that the Court GRANT it in part and DENY it in part.

## I. BACKGROUND

Petitioner Ian Garland, a federally licensed firearms dealer, was indicted for firearms trafficking and related offenses in the underlying criminal case, 11-cr-487 (*Underlying Case*) on March 8, 2011.  *Underlying case, doc. 2; Instant case doc. 8* at 43. Petitioner was accused of facilitating the straw purchase of firearms to his co-defendants with reason to know that those firearms would be given to illegal recipients located in Mexico.  *Underlying case, doc. 165* at 4. On July 21, 2011, he ultimately pled to seven counts, including conspiracy in violation of 18 U.S.C. § 371, making false statements to a federally licensed firearms dealer in violation of § 924(a)(1)(A), and

aiding and abetting in violation of 18 U.S.C. § 2.  *Underlying case*, *doc. 165* at 2.

In Petitioner's Presentence Investigation Report (PSR), the weapons at issue were described as "9 mm pistols or AK-47 semiautomatic pistols . . . capable of accepting high-capacity magazines . . . [and] easily convertible to fully-automatic mode." *Instant case*, *doc. 8* at 8. At paragraph 136 of the PSR, his base offense level was calculated as 18, based on the assumption that the pistols involved were "firearms" within the definition of 26 U.S.C. § 5845(a).  *Id.* at 48.  Specifically, the PSR identified them as "machineguns" within the definition of the statute.  *Id.* at 49.  The offense level was raised eight levels by the fact that between 100 and 199 firearms were involved, and four additional levels because he had reason to know that the weapons were destined for illegal recipients, resulting in an adjusted offense level of 30.  *Id.* at 49-50.  Because Petitioner accepted responsibility for his offenses, his adjusted offense level was reduced by three, leaving him with a total offense level of 27, which, paired with his lack of criminal history, led to a guideline range of imprisonment of 70-87 months.  *Id.* at 50.

On December 16, 2011, Petitioner moved to withdraw his plea on the basis that he had been pressured into stating that he "had reason to know that [the firearms in question] were illegally destined for people in Mexico" with regard to the charge of conspiracy.  *Underlying Case, doc. 197* at 2-3.  The court denied Petitioner's Motion on January 24, 2012, because he failed to demonstrate a fair and just reason for requesting withdrawal as required by Federal Rule of Criminal Procedure 11(d). *Underlying case,*

*doc. 200.* Petitioner filed a sentencing memorandum requesting a downward departure on May 17, 2012. *Underlying case, doc. 226.* In response, the government requested that Petitioner receive 60 months' imprisonment. *Underlying case, doc. 227* at 1. A sentence of 60 months was entered against Petitioner on May 24, 2012. *Underlying case, doc. 228.* Petitioner filed an appeal that he voluntarily withdrew on September 24, 2012. *Instant case, doc. 1.*

Petitioner filed his Motion under 28 U.S.C. § 2255 on May 30, 2013, alleging ineffective assistance of counsel. *Instant case, doc. 1.* Briefing was complete on August 12, 2013.

## II.   STANDARD OF REVIEW

### A.      Relief under 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, an individual sentenced to prison by a federal court who "claim[s] the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In general, the reviewing court presumes that the proceedings which led to a petitioner's conviction were correct. *See Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989). Fundamentally, to prevail in an action brought under section 2255, a petitioner must show a defect in the proceedings which resulted in "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). The burden is on

the petitioner to allege facts that, if proven, would entitle him to relief.  *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995).  To meet that burden, a petitioner's "allegations must be specific and particularized, not general or conclusory."  *Id.*

A petitioner for habeas relief is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b).  The purpose of such a hearing is to "resolve conflicting evidence."   But "[d]istrict courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004).

## B.      Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."  U.S. Const. amend. VI.  In order to meet the Sixth Amendment's requirement of representation, an attorney for an accused must provide "reasonably effective assistance."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish that counsel fell below this standard, a petitioner must show both that (1) his counsel's performance was unconstitutionally deficient, and that (2) the deficient performance prejudiced the defense.  *Id*.  An ineffective assistance of counsel claim fails if either of the prongs is not met.  *Id.* at 697.  As such, the Court "need not address the

*Strickland* prongs sequentially." *Richie v. Mullin*, 417 F.3d 1117, 1120 (10th Cir. 2005).Effectiveness of counsel is required at all "critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012).  Notably, "*Strickland* . . . applies to claims of ineffectiveness of counsel at the plea hearing stage." *Wright v. Van Patten*, 552 U.S. 120, 124 (2008).

III.   ANALYSIS

Petitioner claims that his trial counsel was ineffective at three distinct points in the underlying criminal action, entitling him both to an evidentiary hearing and to resentencing.  First, he alleges that his trial counsel was ineffective because he advised Petitioner to plead guilty to charges of aiding and abetting and conspiracy when, in fact, Petitioner consistently denied having the *mens rea* for those charges and the government's evidence of his *mens rea* was "weak."  *Instant case, doc. 1* at 8.  Second, he argues that his trial counsel was ineffective because he improperly advised Petitioner to stipulate to certain sentencing enhancements. *Id.* at 8-9.  Finally, Petitioner contends that his counsel was ineffective when he failed to object to the PSR's erroneous assessment of Petitioner's base offense level as 18.  *Id.* at 9.   As to the first and second grounds, I recommend that the Court find that Petitioner's trial counsel was not ineffective, and as to the third, I recommend granting Petitioner's Motion and recommend further that the Court hold a new sentencing hearing.

A.      The Conspiracy Charge

Petitioner contends that his plea to Count 1, the conspiracy charge, was involuntary because "[trial counsel] knew that [Petitioner] consistently denied knowing, or having reason to know that these firearms were destined for Mexico" and "the government's case pertaining to [Petitioner's] mens rea [for conspiracy] was incredibly weak," yet counsel still advised Petitioner to plead guilty to the charge. *Doc. 1* at 8.   In support of his argument, he relies on *United States v. Weeks*, a case in which the Tenth Circuit determined that counsel was ineffective because counsel had failed to inform the defendant of the content of the operative indictment in his case and the elements of the conspiracy charge against him prior to having defendant enter into a plea agreement.  653 F.3d 1188, 1201-02 (10th Cir. 2011).  There, the defendant's statements at the plea colloquy "affirmatively indicate[d] to the court that he [did] not understand a critical element of the charge against him," and the court failed to properly clarify the charge for him prior to allowing him to plead to it.  *Id.* at 1202-04 (internal citation and quotation omitted).  The Tenth Circuit held that, in light of the deficient plea colloquy, there were sufficient facts to indicate that counsel had failed to properly explain all the elements of the conspiracy charge to the defendant prior to the defendant's entry into the plea agreement, and therefore his plea could not be knowing and voluntary. *Id.* at 1203.

Although Petitioner now claims that he never read his plea agreement (*see doc. 11* at 2), the record of Petitioner's plea contains no evidence that it was unknowing or involuntary.  In fact, it demonstrates quite the opposite.  Petitioner's plea agreement, under the section titled "Defendant's Admission of the Facts" contained the following statement: "I transferred . . . firearms to [the named co-defendants] . . . having reason to know that these firearms were illegally destined to people in Mexico." *Underlying case, doc. 165* at 4.  Petitioner signed this plea agreement directly under an acknowledgment, made under penalty of perjury, which stated that he understood the language of the plea agreement, had discussed it with his attorney, and that the plea was voluntary.  *Id.* at 8.  At the plea colloquy, Petitioner again stated that his plea was knowing, voluntary, and entered into with the advice of counsel, with which he was satisfied.  *Underlying case, doc. 198* at 3:3-4, 4:19-6:11.  Furthermore, the exact language of which Petitioner now complains was read at the plea colloquy, and, when the Court asked Petitioner if the language was correct, Petitioner responded in the affirmative.  *Id.* at 11:5-12.[1]  Unlike the defendant in *Weeks*, at the plea colloquy Petitioner never indicated either that he did not understand the charges against him or that he did not choose to plead guilty to them.

---

[1]  Petitioner initially challenged this language in his motion to withdraw his plea, stating that "[Petitioner] feels he was pressured into lying to himself and pleading guilty to Count 1." *Underlying case, doc. 197* at 2.  When the Court denied his motion, it found, *inter alia*, that Petitioner had not challenged the effectiveness of his counsel as to the advice given to Petitioner about the plea agreement and that he failed to demonstrate that his plea was not knowing and voluntary.  *Underlying case, doc. 200* at 6-7.

The issue remains, however, whether "counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (internal quotation marks omitted).  In considering this question, I am mindful that counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  The fact that Petitioner now maintains that he consistently denied having the requisite *mens rea* for the conspiracy charge does not render his counsel's advice ineffective. He does not argue that defense counsel coerced him into agreeing to plead to Count 1 such that his plea was involuntary.  *C.f. Runge v. United States*, 427 F.2d 122, 124 (10th Cir. 1970).  Petitioner *voluntarily* signed the plea agreement that set forth his *mens rea* and *voluntarily* affirmed that same language at his plea colloquy.[2]  Petitioner's self-serving affidavit, on which he so heavily relies now, is nothing more than "a mere denial[] of that which he has previously admitted[, and] does not raise a substantial issue of fact within the meaning of § 2255.  Although an allegation of fact must ordinarily be accepted as true, it is not required where . . . the allegation is contradicted by the files and records before the court." *Id.* at 126.  Petitioner's allegations that defense counsel failed to provide him with his plea agreement[3] and "misled" him into pleading

---

[2]  In his motion to withdraw his plea, Petitioner states that he "felt the pressure of and potential consequences of not pleading were too much and this forced him to plea [sic] to Count 1," but he does not accuse his counsel of asserting that pressure.   *See Underlying Case, doc. 197.*

[3]  Petitioner also contends that he was not provided with a copy of his PSR, but I am unaware of any rule that requires a defendant to review a copy of the PSR prior to sentencing. *See doc. 11* at 2; *see also* Advisory Committee Notes to FED. R. CRIM. P. 32 (c)(2): "It is not a denial of due process of law for a court in

guilty are directly contradicted by his testimony under oath at the plea colloquy. *Doc.*

*11* at 2. Further, Petitioner provides no facts beyond his allegations to indicate that

defense counsel failed to explain the elements of the charges against Petitioner to him or

coerced or otherwise "misled" Petitioner into pleading guilty.

Petitioner also makes the conclusory allegation that the government's evidence

of his *mens rea* for the conspiracy charge was weak, but offers no facts to substantiate

that claim. Nor do I see a basis for it in the record. To the contrary, the transcript of the

sentencing hearing demonstrates that the government had substantial evidence,

including wire-tap evidence, that indicated that Petitioner was aware of the illegal

firearms purchases and continued to facilitate them. *Underlying case, doc. 261* at 26:3-

29:12 (the government specifically noted it had records of phone conversations between

Petitioner and a co-defendant in which the co-defendant indicated to Petitioner that he

was sending Petitioner straw purchasers and Petitioner then sold those parties

weapons), 37:17-38:11.

Moreover, to state the obvious, a plea bargain is just that: a bargain.

*Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("Plea bargaining flows from 'the

mutuality of advantage' to defendants and prosecutors, each with his own reasons for

wanting to avoid trial.") (internal citation omitted). That Petitioner believed the

prosecution's evidence as to one element of the conspiracy charge to be weak does not

---

sentencing to rely on a report of a presentence investigation without disclosing such report to the defendant or giving him an opportunity to rebut it."

mean that counsel was ineffective in advising him to plead to it. Petitioner ultimately benefited both from avoiding the risks inherent in a trial and from a plea agreement that resulted in the dismissal of the charge brought under 18 U.S.C. § 554. *Underlying case, doc. 181; see United States v. Johnson,* 2013 WL 452782 (D. Kan. February 6, 2013) (a defendant's ex post facto regret about the consequences of his voluntary plea agreement is an insufficient basis on which to grant a § 2255 motion). Petitioner has presented no other evidence that would support his contention that counsel's advice fell below an objective standard of reasonableness.

Because Petitioner has failed to meet the reasonableness prong of the *Strickland* test, there is no need to consider the prejudice prong. An evidentiary hearing is also unnecessary. *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (finding that where a petitioner made only conclusory allegations in relation to an ineffective assistance of counsel claim, an evidentiary hearing was not warranted.)

**B.     The Enhancement Stipulations**

Petitioner next argues that his counsel was ineffective in advising Petitioner to stipulate to sentencing enhancements pursuant to USSG §§ 2K2.1(b)(1)(D)(increasing the base level offense depending on the number of firearms) and (b)(5)(increasing the base level offense if the defendant engages in firearm trafficking). *Instant case, doc. 1* at 8-9. As to the former, Petitioner disputes the number of weapons attributable to the offenses with which he is charged and contends that the enhancement should have been

lower. *Id.* at 8.  As to the latter, Petitioner argues that he believed the firearms were

being sold to a proper purchaser, and therefore this enhancement is inapplicable. *Id.* at

8-9.

I see no evidence that counsel's advice here fell below an objective standard of

reasonableness.  When Petitioner was indicted, he was charged with six counts of

aiding and abetting and one count of conspiracy.  While Petitioner is correct as to the

number of weapons that can be credited to the aiding and abetting charges, each of

which arose from an incident occurring on a specific date, the conspiracy count of the

indictment covered violations of § 924(a)(1)(A) "beginning on or about January 2010

and continuing to on or about March 2011,"  a period which implicated 193, not 44,

firearms.  *Instant case, doc. 8* at 3-39.  Thus, counsel's advice to stipulate to the 8 level

enhancement suggested by § 2K2.1(b)(1)(D)(applicable to offenses involving 100-199

firearms) rather than the 6 level enhancement suggested by (b)(1)(C)(applicable to

offenses involving 25-99 firearms) was entirely appropriate.  Petitioner has presented no

evidence to suggest otherwise.  Similarly, Petitioner, as discussed above, swore under

penalty of perjury both in signing his plea agreement and at the plea colloquy that he

had reason to know of the guns being sent to Mexico.[4]  Therefore, his counsel's advice

---

[4]  Petitioner also denies having made his acceptance of responsibility statement in the PSR, which
includes the phrase "I had plenty of reasons to know that there [sic] firearms were illegally destined to
people in Mexico." *Instant case, doc. 11* at2; *doc.8, Ex. C* at 48.  He accuses his counsel of making that
statement without his knowledge.  While this issue is irrelevant to determining the ineffective assistance
of counsel claims raised in Petitioner's motion, I note that the statement provided the basis for a 3 level
downward departure in his offense level.  *Instant case, doc. 8* at 50.

that he stipulate to the enhancement relating the trafficking to which he admitted cannot be said to be deficient.

Again, Petitioner has failed to meet the first prong of the *Strickland* analysis, so a prejudice analysis is not necessary here. Nor is an evidentiary hearing necessary since Petitioner has not presented an evidentiary issue as to counsel's alleged ineffectiveness.

### C.  Erroneous Calculation of Petitioner's Base Offense Level

Finally, Petitioner alleges that his counsel was ineffective because he failed to notice and object to the fact that Petitioner's base offense level was calculated incorrectly in the PSR. The error is that the PSR concluded that the firearms were "machineguns" pursuant to 26 U.S.C. § 5845(a)(6) which dictated a base offense level of 18 under U.S.S.G. § 2K2.1(a)(5). The government concedes that the firearms involved did not qualify as "machineguns," and therefore Petitioner's base offense level should have been 12.[5] *See doc. 7* at 12; *doc. 12* at 1-3. The government further concedes that this error constitutes ineffective assistance of counsel which should be remedied by granting Petitioner a new sentencing hearing. As the government has conceded the point and I agree with its rationale, I recommend that the Court hold a new sentencing hearing based upon a PSR with a correctly calculated offense level.

---

[5]  The government initially argued that, although the firearms were not "machineguns" and the base offense level should not have been 18, the proper base offense level should have been higher under U.S.S.G. § 2K2.1(a)(4)(B)(ii). *Doc. 7*. However, the government later discovered that this provision was not present in the 2010 guidelines under which Petitioner must be sentenced. *Doc. 12*. Consequently, it withdrew that argument. *Id*.

**IV.   CONCLUSION**

Petitioner has failed to establish that his counsel was ineffective either in advising Petitioner to plead guilty to the conspiracy charge (Count 1) of the indictment or in advising him to stipulate to the sentencing enhancements set forth in the plea agreement.  I therefore recommend that the Court DENY his Motion under 28 U.S.C. § 2255 as to those two counts.  As to Petitioner's third claim, I recommend that the Court GRANT Petitioner's Motion as to this claim and hold a new sentencing hearing.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**